IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:23-CR-76 |
| Plaintiff | : | JUDGE MICHAEL J. NEWMAN |
| v. | : | |
| IZAYE EUBANKS, aka "JoJo" | : | |
| Defendant | : | |

**UNITED STATES' SENTENCING MEMORANDUM**

Comes now the United States of America, by and through Assistant United States Attorneys, Amy M. Smith and Ryan A. Saunders, and respectfully submits the following Sentencing Memorandum for the Court's consideration.

        Respectfully submitted,

        KENNETH L. PARKER
        UNITED STATES ATTORNEY

        */s/ Amy M. Smith*
        AMY M. SMITH (0081712)
        RYAN A. SAUNDERS (0091678)
        Assistant United States Attorneys
        Attorneys for Plaintiff
        Federal Building
        200 West Second Street, Suite 600
        Dayton, Ohio 45402
        (937) 225-2910
        Fax: (937) 225-2564

**MEMORANDUM**

I.      **INTRODUCTION**

On August 16, 2023, defendant Izaye Eubanks ("Eubanks") was charged by Information with two (2) counts of Hate Crimes in violation of 18 U.S.C. §§ 249(a)(2) and 2. (Doc. 16, Pretrial Services Report "PSR" at PAGEID 69).

On August 21, 2023, Eubanks entered a plea of guilty to both counts in the Information pursuant to a Rule 11(c)(1)(A)-(C) plea agreement. (*Id.*). The United States Probation Department conducted a thorough PSR and recommends a term of imprisonment of 120 months on each count, to run consecutively for a total of 240 months, which is consistent with the Rule 11(c)(1)(C) agreement. The Probation Department also recommends three (3) years of supervised release and $4,940 in restitution. For the following reasons, the United States agrees with the Probation Department's recommendation and asks this Court to follow the agreement of the parties by imposing 120 months on each count, to run consecutively for a total of 240 months. The Government further requests this Court to order that the sentence imposed be ordered to run concurrent with the sentence imposed in the Clark County, Ohio Common Pleas Court Case Number 23CR1058.

II.     **SENTENCING CALCULATION**

   A.   **Statutory Maximum Sentence**

The maximum sentence for each of Count 1 and Count 2 – Hate Crimes - is a term of imprisonment not to exceed 10 years (120 months). There is no mandatory minimum sentence required. However, pursuant to the terms of the Rule 11(c)(1)(C) provision, Eubank's sentence

is an agreed 120 months on each count to run consecutively for a total term of imprisonment of 20 years (240 months).

### B. Advisory Sentencing Guidelines Calculation

In fashioning its sentence, this Court should first consider the applicable advisory guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Id.* The United States agrees that the defendant's advisory guideline range should be calculated as set forth in the PSR and as follows:

Count 1 – Hate Crime (victim R.L.):

| | | |
|---|---|---|
| Base Offense Level: | 20 | [U.S.S.G. § 2B3.1(a)] |
| Specific Offense Characteristics: | +2 | [U.S.S.G. § 2B3.1(b)(3)(A): Victim sustained bodily injury] |
| | +3 | [U.S.S.G. § 3A1.1(a): Targeted victim - national origin] |
| | +2 | [U.S.S.G. § 3B1.4: Used Minor] |
| | +2 | [U.S.S.G. § 3B1.1(c): Leader/Organizer] |
| Adjusted Offense Level: | 29 | |

| Pseudo Counts | Adjusted Offense Level |
|---|---|
| Count 1A (victim P.L.) | 29 |
| Count 1B (victims J.L.J. and M.L.E.) | 29 |
| Count 1C (victim D.S.) | 29 |
| Count 1D (victim S.E.) | 29 |
| Count 1E (victim A.J.P.) | 23 |

<u>Count 2 – Hate Crime (victim J.M.):</u>

| | | |
|---|---|---|
| Base Offense Level: | 20 | [U.S.S.G. § 2B3.1(a)] |
| Specific Offense Characteristics: | +2 | [U.S.S.G. § 2B3.1(b)(3)(A): Victim sustained bodily injury] |
| | +2 | [U.S.S.G. § 2B3.1(b)(5): Involved carjacking] |
| | +3 | [U.S.S.G. § 3A1.1(a): Targeted victim - national origin] |
| Adjusted Offense Level: | 27 | |

| | | | |
|---|---|---|---|
| Greater of the Adjusted Offense Levels: | | 29 | |
| Additional Units for Count 2 and Pseudo Counts: | 6.5 (capped at 5) | +5 | [U.S.S.G. § 3D1.4] |
| Adjustments: | | -3 | [U.S.S.G. §§ 3E1.1(a)&(b): Acceptance of Responsibility/Timely Notice] |
| **Adjusted Offense Level** | | **31** | |

An Offense Level of 31 combined with a criminal history IV results in an advisory guideline sentence of 151 months to 188 months. Pursuant to the terms of the Rule 11(c)(1)(C) plea, the recommended sentence is 120 months on each of Count 1 and Count 2 to be served consecutively for a total of 240 months.

### III. STATEMENT OF FACTS

The information set forth in Paragraphs of 19-28 of the PSR describe the seven (7) separate robberies that Eubanks committed against Haitian individuals in Springfield: two robberies on

4

January 29, 2023; four robberies on February 1, 2023; and one robbery on February 23, 2023. (Doc. 16, PSR at PAGEID 71-74).

## IV. ANALYSIS OF 3553(a) FACTORS

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses. This court must also consider all of the sentencing considerations set forth in 18 U.S.C. § 3553(a).

<u>History and characteristics of defendant</u>

The history and characteristics of Eubanks indicate that he has spent the bulk of his adult life on criminal activities or unemployed. While relatively young (22 years-old), Eubanks has already had multiple interactions with the criminal justice system. At age 18, Eubanks was convicted of theft, possession of marijuana, criminal damaging and resisting arrest in three separate criminal cases. (PSR at PAGEID 84-86). The criminal damaging case involved Eubanks spray painting the Clark County Common Pleas Courthouse. (*Id.* at PAGEID 85). At 18, Eubanks was also charged with a Hit Skip that was dismissed upon him entering pleas of No Operator's License and Driving Left of Center. (*Id.*). At age 19, Eubanks was convicted of Obstructing Official Business after fleeing from police to avoid arrest on active warrants. (*Id.* at PAGEID 86). At age 20, Eubanks was convicted of Criminal Damaging for damaging a police cruiser (*Id.*) and of

5

Assault for assaulting a corrections officer. (*Id.* at PAGEID 87). Eubanks also had numerous other similar charges that did not result in convictions. (*Id.* at PAGEID 88).

Despite being an adult for several years and quitting school when he was in 11th grade, Eubanks has barely been employed. He indicated working for two weeks prior to his arrest and at a McDonald's for approximately one month when he was 18/19 years old. In sum, he has worked approximately 6 weeks out of the 4 years that he has been an adult. He has otherwise had to support himself through crime and relying on others to financially support him.

<u>Nature and circumstances of the offense</u>

The nature and circumstances of these particular offenses are egregious. During these robberies, Eubanks punched, grabbed, pulled, hit, kicked, and knocked his victims to the ground before stealing their money, their phones, and anything else of value he could find. (*Id.* at PAGEID 71-74). Each robbery was violent; each robbery ended in the victims suffering pain and injuries— some who blacked out, others who suffered swelling or lacerations, and at least one who was transported to the hospital for treatment. (*Id.*). These victims will continue to feel the effects of Eubanks' actions; they are more afraid to go out in public, they are more cautious, and they keep reliving the moments they were assaulted.

All of the victims were Haitian and Eubanks specifically targeted these individuals because of their actual and perceived national origin. Eubanks, oftentimes working with juveniles, drove around Springfield looking for Haitians to rob. (*Id.* at PAGEID 73-74). He expressly targeted a section of the population that was known to be recent immigrants, to not speak English, to have limited familiarity with the culture and community in which the victims were residing, all which would impact the victims' ability to report the crimes to law enforcement and seek justice for these

6

acts. His victims were from a vulnerable population, and Eubanks used that to his advantage. Eubanks engaged in behavior that terrified these victims for what ultimately was a relatively small amount of money.

### Need for sentence to address sentencing concerns

Eubanks' actions were very serious—not only as to the violence used but also in the number of robberies he committed over a short period of time. The lengthy sentence of 20 years is necessary to reflect the seriousness of the offenses. Eubanks' actions in this case and in his prior cases demonstrate that he has no respect for the law; he has destroyed government property, he has assaulted law enforcement, and he has committed several other crimes. A sentence of 20 years not only provides of a just punishment for Eubanks for his actions in this case but also serves to protect the public from further crimes.

Moreover, a sentence of 20 years sends a message to the public and to others who consider committing similar offenses. Such a sentence will serve as a deterrent to others who consider targeting this same vulnerable population in the Springfield area.

## V. VICTIM IMPACT and RESTITUTION

The victims in this case are of Haitian descent, having recently immigrated to the United States. As noted in the PSR, many of the victims were afraid and shocked due to the assaults and robberies. Several of the victims submitted requests for restitution, however every victim suffered some form of physical harm.

R.L. blacked-out during the assault due to the physical harm caused to him. He indicated that he "…can't stop reliving the moment in my head." P.L. suffered a chipped tooth. Several of

7

the victims will be making statements at final disposition, and the United States requests consider their statements.

Additionally, the United States requests this Court order restitution to the following victims in the amounts listed below as well as to any other victim who may submit a request following the filing of this Memorandum.

    a) To victim D.S. – $4,000

    b) To victim P.L. - $300 – for stolen cell phone

    c) To victim R.L. - $640 – for stolen cash, cell phone, and debit cards

//
//
//
//
//
//
//
//
//
//
//
//
//
//

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court consider the nature and circumstances of this crime and the need to deter similar criminal conduct in imposing a prison sentence. The United States believes that a sentence of 240 months incarceration (120 months per count, consecutive) is sufficient, but not greater than necessary to achieve the purposes and principles of sentencing. The United States further requests that the sentenced imposed in this matter be ordered to run concurrent to the sentence imposed in the Clark County, Ohio Common Pleas Court Case Number 23CR1058.

/

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*/s/Amy M. Smith*
AMY M. SMITH (0081712)
RYAN A. SAUNDERS (0091678)
Assistant United States Attorneys
200 West Second Street, Suite 600
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was served, via ECF, upon counsel for defendant on the same date as filing.

*/s/Amy M. Smith*
AMY M. SMITH (0081712)
Assistant United States Attorney